UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 22-226(DSD/TNL)

Sara Z.,

       Plaintiff,

v.                                                **ORDER**

Kilolo Kijakazi,
Acting Commissioner of Social Security,

       Defendant.

This matter is before the court upon the objection of Acting Commissioner of Social Security Kilolo Kijakazi to the July 31, 2023, report and recommendation of United States Magistrate Judge Tony N. Leung (R&R).[1] In the R&R, the magistrate judge recommends that the court grant in part and deny in part plaintiff's motion for summary judgment and grant in part and deny in part the motion for summary judgment by defendant Kilolo Kijakazi, Acting Commissioner of Social Security (Commissioner). The magistrate judge specifically recommended that the case be remanded to the administrative law judge (ALJ) for reconsideration of three discrete issues. The Commissioner objects to those aspects of the R&R. After a de novo review, and for the following reasons, the court

---

[1] Plaintiff, who is seeking disability insurance benefits, is referred to as Sara Z., as it is the court's policy is to use only the first name and last initial of non-governmental parties in social security cases.

1

overrules the Commissioner's objections and adopts the R&R in its entirety.

## BACKGROUND

Plaintiff seeks judicial review of the decision denying her application for disability insurance benefits (DIB). The complete background of this action is fully set forth in the R&R and will not be repeated here. The court will only briefly summarize the history of the present action.

Plaintiff filed an application for DIB in December 2019, alleging the onset of disability in May 2019. Plaintiff claims disability based on numerous impairments including post-traumatic stress disorder (PTSD), depression, anxiety, fibromyalgia, peripheral neuropathy, arthritis, "right foot issues," insomnia, chronic widespread pain, extreme fatigue, and bilateral tinnitus. After receiving an initial denial of benefits and a denial on reconsideration, an ALJ heard her claims in September 2021. The ALJ concluded that plaintiff was not disabled and therefore not entitled to DIB. Plaintiff appealed to the appeals council, which denied her request for review.

On January 27, 2022, plaintiff filed this action seeking judicial review of the ALJ's denial of benefits. Both parties moved for summary judgment. On July 31, 2023, the magistrate judge

recommended that the court grant in part plaintiff's motion to reverse the ALJ's decision, concluding that (1) the ALJ did not clearly articulate how and to what extent she considered Dr. Lichtsinn's opinion regarding the impact of plaintiff's tearfulness on her ability to interact with others in the workplace, which prevented the magistrate judge from determining whether the ALJ's decision was supported by the substantial evidence in the record as a whole; (2) the ALJ did not specifically address how she assessed Dr. Lichtsinn's opinion that plaintiff would be absent from work three or more days per month, which again prevented the magistrate judge from determining whether the ALJ's decision was supported by the substantial evidence in the record as a whole; and (3) the ALJ failed to explain why she relied on the state agency medical consultants' opinions.  The Commissioner now objects to the R&R insofar as it recommends remand on those three issues and argues that remanding the matter would be inefficient.

### DISCUSSION

The court reviews the R&R de novo, and the findings and decisions of the ALJ for substantial evidence on the record as a whole.  See 28 U.S.C. § 636(b)(1)(c); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support

the [ALJ's] conclusion." Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012) (citation omitted). On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted). The court, however, may not "reverse the Commissioner's decision simply because there is evidence supporting a different result." Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (citation omitted). "If the evidence supports two inconsistent conclusions, one of which is that reached by the Commissioner's conclusion, [the court] must affirm the decision." Id. at 1258. Moreover, a court may not substitute its judgment for that of the ALJ. Fastner v. Barnhart, 324 F.3d 981, 983 (8th Cir. 2003). The court will disturb the ALJ's decision to deny benefits only if "the record contains insufficient evidence to support the outcome." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citation omitted).

Here, the Commissioner raises two specific objections to the R&R: (1) the R&R erred in relying on Dr. Lichtsinn's assessment of plaintiff's tearfulness and likely absenteeism because it is untimely, a "checklist" opinion, and inconsistent with the record as a whole; and (2) the ALJ did not err in failing to explain the reasons she relied on the state agency medical consultants' opinions, as she is not required to explain every basis for her decision.

4

ECF No. 36.

## I. Dr. Lichtsinn

The Commissioner first argues that Dr. Lichtinn's opinion is untimely, as it was written after plaintiff was last insured. But, as noted in the R&R and plaintiff's submissions, the opinion addresses plaintiff's condition during the relevant period. The fact that it was written at a later date does not undermine its timeliness or value.

The Commissioner next argues that the opinion is a "checkbox form" rather than insightful commentary on plaintiff's condition. The court has reviewed the relevant aspect of the record and disagrees. Dr. Lichtinn provided a detailed narrative about plaintiff's tearfulness and likely absenteeism that is unique to plaintiff and provides ample context for the opinion at issue.

The court also disagrees with the Commissioner's argument that Dr. Lichtinn's opinion is somehow inconsistent with the record as a whole because plaintiff's tearfulness and likely absenteeism can be readily addressed in the workforce. The record is, at best, inconsistent in this regard and it is unclear - if Dr. Lichtinn's opinion is given any credence - how plaintiff would effectively be able to work in the scenarios set forth in the ALJ's decision.

## II. State Agency Opinions

The Commissioner also argues that the R&R erred in determining

5

that the ALJ provided no analysis with respect to why she found the state agency opinions to be persuasive, especially over those of plaintiff's treating physician. The regulations require that the ALJ "explain how [she] considered the supportability and consistency factors for a medical source's opinions in [the] decision." 20 C.F.R. § 404.1520c(b)(2). But rather than point to any such analysis or explanation, the Commissioner simply argues that the ALJ must have engaged in that process, even if not reflected in the record. But the regulation requires an explanation and remand is thus required. The fact that remand is required here may not be "efficient" but it is in accord with the law.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Commissioner's objection to the R&R [ECF No. 36] is overruled;

2. The R&R [ECF No. 35] is adopted in its entirety;

3. Plaintiff's motion for summary judgment [ECF No. 17] is granted in part and denied in part as set forth in the R&R;

4. The Commissioner's motion for summary judgment [ECF No. 20] is granted in part and denied in part as set forth in the R&R;

5. The ALJ's decision is affirmed as to steps one through four, except as to consideration of Dr. Lichtsinn's opinion regarding

6

plaintiff's tearfulness and degree of absenteeism and the state-agency medical consultants' opinions on plaintiff's physical functioning, and vacated as to step five; and

6. This matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion and the R&R.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 31, 2023

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court